UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NAGNATH KHARAT,

               Plaintiff,

        -against-

ASGHAR FARHADI; MEMENTO
PRODUCTION (FRANCE); ANONYMOUS
CONTENT (US); DOES 1-5,

               Defendants.

26-CV-3651 (JPO)

ORDER OF SERVICE

---

J. PAUL OETKEN, United States District Judge:

     Plaintiff, who is appearing *pro se*, brings this action under the Copyright Act, alleging that Defendants infringed upon his protected screenplay by producing and marketing a film that is allegedly derived from Plaintiff's protected work. He names as defendants: (1) Asghar Farhadi, a director and screenwriter who is allegedly directing the infringing film to be released at the Cannes Film Festival this month; (2) Memento Production, a film production company incorporated in France that is alleged to be engaged in the production and financing of the infringing film; (3) Anonymous Content, a United States-based production company allegedly involved in developing and producing the infringing film; and (4) five Doe defendants for whom Plaintiff makes no allegations and alleges no affiliation with any of the other defendants. He seeks monetary, declaratory, and injunctive relief.

     Plaintiff also filed a motion to seal Exhibit D to the complaint, which is a copy of Plaintiff's original 2019 screenplay, in Hindi. (ECF No. 4.) He alleges that the "screenplay is an unpublished and confidential work, and public disclosure at this stage would expose the complete work to unauthorized use, reproduction, or further infringement." (*Id*. at ¶ 2.) He adds

that sealing is required "to preserve the value and integrity of the original screenplay." (*Id*. at ¶ 6.)

Plaintiff also filed a motion for a temporary restraining order and preliminary injunction that prohibits Defendants from: (1) "[e]xhibiting, screening, premiering, or distributing the film currently titled *Parallel Tales* at the Cannes Film Festival (May 12-23, 2026) or any other venue" and (2) "[p]romoting, advertising, or distributing trailers for *Parallel Tales* that contains elements substantially similar to Plaintiff's original screenplay work *The Faces (2019)*." (ECF No. 8, at 2.) The motion is supported by a declaration and memorandum of law. (ECF Nos. 9-10.)

By order dated May 5, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons that follow, the Court directs the Clerk of Court: (1) to issue a summons for Defendant Memento Production and send it directly to Plaintiff, and (2) to send to Plaintiff two USM-285 forms for Defendants Farhadi and Anonymous Content, which Plaintiff must complete and return to the Court within 30 days of this order.

On May 5, 2026, Plaintiff filed a motion for leave to file a memorandum of law in support of his application for preliminary relief, along with an exhibit to his declaration in support of preliminary relief. (ECF No. 14.)

## DISCUSSION

### A.    Defendant Memento Production

Plaintiff alleges that Defendant Memento Production is incorporated in France and can be found there. Although plaintiffs granted IFP status are usually entitled to service of process by the U.S. Marshals Service ("USMS"), *see* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3), the USMS does not perform service of process on defendants located outside of the United States of America, *see Gaughn v. Barounis*, No. 24-CV-4119 (ER), 2024 WL 4277523, at *1 (S.D.N.Y.

Sept. 24, 2024); *Friedman v. Bartell*, No. 22-CV-7630 (CS), 2023 WL 3818548, at *1 (S.D.N.Y June 5, 2023); *Warren v. eBay, Inc.*, No. 22-CV-3524 (PGG), 2022 WL 2191752, at *2 (S.D.N.Y. June 17, 2022).

Rule 4 of the Federal Rules of Civil Procedure provides the means by which an individual or a foreign corporation, partnership, or association located outside of the United States may be served, which normally includes service authorized by the Hague Convention. *See* Fed. R. Civ. P. 4(f)(1), (h)(2). France is a signatory to the Hague Convention.[1] *See United States v. Buff*, 636 F. Supp. 3d 441, 445 (S.D.N.Y. 2022). It has not objected to Article 10 of the Convention, which permits service by standard postal measures. *See Melia v. Les Grands Chais de France*, 135 F.R.D. 28, 36 (D.R.I. 1991).

Because the USMS will not serve defendants located outside the United States, Plaintiff may either request that Defendant Memento Production waive service under Rule 4(d), or Plaintiff must have Defendant Memento Production served in some manner permitted under Rules 4(f) or 4(h)(2) and the Hague Convention, such as by standard postal measures, without the assistance of the USMS.

The Court therefore directs the Clerk of Court to issue a summons for Defendant Memento Production and to send the summons directly to Plaintiff, who must effectuate service.[2] The 90-day period for service included in Rule 4(m) of the Federal Rules of Civil

---

[1] *See* Hague Conference on Private International Law, France – Central Authority & Practical Information, https://www.hcch.net/en/states/authorities/details3/?aid=256 (last viewed May 5, 2026).

[2] The Convention also provides for service of process by a Central Authority, which, in France, is the Ministry of Justice. In order to initiate service on a defendant located in France under this method, a plaintiff must complete form LLA-116 or USM-94, "Request for Service Abroad of Judicial or Extra-Judicial Documents," which is available from any U.S. Marshal's office. The form includes a request for service abroad, a summary of the documents to be served, and a certificate of service. The completed form and the judicial documents to be served, both in

Procedure does not apply to service on defendants outside of the United States of America under Rules 4(f) and (h)(2). *See* Fed. R. Civ. P. 4(m). Plaintiff, however, should exercise due diligence in effecting service on Defendants. *See, e.g.*, *S.E.C. v. Shehyn*, No. 04-CV-2003 (LAP), 2008 WL 6150322, at *4 (noting that "courts have used a 'flexible due diligence' standard in determining whether service of process under Rule 4(f) is timely" and citing cases (internal citations and quotation marks omitted)); *see also DEF v. ABC*, 366 F. App'x 250, 253 (2d Cir. 2010) (noting that the Second Circuit "previously held inapplicable the foreign country exception to . . . 4(m)'s [90-day] time limit for service where a party did not attempt service within the [90-day] limit and 'ha[d] not exactly bent over backward to effect service'" (citing *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985)); *USHA (India), Ltd. v. Honeywell Intern., Inc.*, 421 F.3d 129, 134 (2d Cir. 2005) (explaining that the exception in Rule 4(m) "does not apply if . . . the plaintiff did not attempt to serve the defendant in the foreign country").

---

duplicate, must be sent to the French Central Authority at Bureau de l'Entraide Judiciaire Internationale, 13, place Vendôme, 75042 Paris Cedex 01, France. *See* U.S. Embassy & Consulates in France, *Service of Legal Documents in France*, available online at https://fr.usembassy.gov/services/legal-assistance/service-of-legal-documents-in-france/ (last visited May 5, 2026).

If Plaintiff chooses this method of service, the court will not cover the costs of translating Plaintiff's documents into French and transmitting them to the French Central Authority, which is a practice shared by other courts. *See, e.g.*, *Beckely v. Raith*, No. 13-CV-2707 (WHA), 2013 WL 5568237, at *2 (N.D. Cal. Oct. 9, 2013) ("The only alternative appears to be service through Germany's 'Central Authority' which would involve considerable cost. This order declines to require taxpayers to cover these service and translation costs."); *Lazaridis v. Wehmer*, No. CV-06-0793 (SLR), 2008 WL 4758551, at *1 n.3 (D. Del. Oct. 28, 2008) ("Under the Hague Convention, translations are required to effect service upon foreign defendants. . . . The cost of translation shall not be borne by this court or the U.S. Marshal."), *aff'd*, 591 F.3d 666 (3d Cir. 2010); *see also Porter v. Dept. of Treasury*, 564 F.3d 176, n.3 (3rd Cir .2009) ("[T]he granting of IFP status exempts litigants from filing fees only. It does not exempt litigants from costs of copying and filing documents[.]").

**B.**     **Defendants Farhadi and Anonymous Content**

Plaintiff does not provide an address where either Defendant Farhadi or Defendant Anonymous Content may be served with process.

To allow Plaintiff to effect service on Defendants Farhadi and Anonymous Content, for whom Plaintiff does not provide addresses,[3] through the U.S. Marshals Service, the Clerk of Court is instructed to send to Plaintiff one U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. Within 30 days of the date of this order, Plaintiff must complete a USM-285 form for Defendants Farhadi and Anonymous Content and return those forms to the Court.

Upon receipt of the completed USM-285 forms, the Court will ascertain whether it can direct the USMS to effectuate service on Defendants Farhadi and Anonymous Content. If, upon receipt of the completed USM-285 forms, the Court determines that Plaintiff is entitled to the assistance of the USMS in effectuating service on Defendants Farhadi and Anonymous Content, the Court will direct the Clerk of Court to issue summonses and deliver to the USMS all of the paperwork necessary for the USMS to effect service on Defendants Farhadi and Anonymous Content. If the Court instead determines that Plaintiff is not entitled to the assistance of the USMS because the proposed service address not within the United States, the Court will direct Plaintiff to effectuate service consistent with the provisions of the Hague Convention and Rule 4.

---

[3] *See Gustaff v. MT Ultimate Healthcare*, No. 06-CV-5496, 2007 WL 2028103, at *2 (E.D.N.Y. June 21, 2007) ("The Second Circuit has held that *pro se* litigants proceeding [IFP] are entitled to rely on service by the U.S. Marshals Service. However, plaintiff is required to provide the information necessary for the Marshals to effect service."), *report and recommendation adopted*, 2007 WL 2028104 (E.D.N.Y. July 11, 2007).

**C.      Plaintiff's motion for leave to amend his motion for preliminary relief**

On May 5, 2026, Plaintiff filed a motion for leave to file a memorandum of law in support of his motion for preliminary relief, as well as an exhibit to his declaration. (ECF No. 14.) The Court grants Plaintiff's motion and directs him to file his memorandum of law and revised declaration in support of his motion within 30 days of the date of this order.

**CONCLUSION**

The Court directs the Clerk of Court to issue a summons for Defendants Memento Production Farhadi and to send those summonses directly to Plaintiff.

The Clerk of Court is further instructed to mail to Plaintiff an information package and a USM-285 forms for Defendant Anonymous Content, for whom Plaintiff did not provide a service address. Within thirty days of the date of this order, Plaintiff must complete a USM-285 form for Defendant Anonymous Content and return those forms to the Court.

The Court grants Plaintiff's motion for leave to file a revised memorandum of law and exhibit to his declaration in support of preliminary relief. Plaintiff is directed to file his revised memorandum of law and declaration within 30 days of the date of this order. The Clerk of Court is directed to terminate the motion at ECF No. 14.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   May 11, 2026
             New York, New York

_____
                                              J. PAUL OETKEN
                                       United States District Judge