UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAGNATH KHARAT,

Plaintiff,

-v-

ASGHAR FARHADI, *et al.*,

Defendants.

26-CV-3651 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Nagnath Kharat brings this action against Defendants Asghar Farhadi, Memento Production (France), Anonymous Content (US), and Does 1-5 (together, "Defendants"), alleging that Defendants' new film, "Parallel Tales," infringes on Kharat's screenplay.  (ECF No. 1 ¶¶ 1, 33.)  On April 30, 2026, Kharat moved for an *ex parte* temporary restraining order and preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure.  (ECF No. 8.)  Specifically, Kharat urges the Court to "enjoin Defendants from exhibiting, distributing, or promoting the film 'Parallel Tales' pending resolution of this action."  (ECF No. 10 at 11.)

Kharat's motion for an *ex parte* temporary restraining order is denied.  Under Rule 65(b), a court may issue an *ex parte* temporary restraining order only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  "The Second Circuit has emphasized that courts 'should scrupulously observe the requirements of Rule 65 in the delicate business of granting temporary restraining orders.'"  *Doctor's Assocs. LLC v. Hai*, No. 19-CV-1968, 2019 WL 1547259, at *2 (E.D.N.Y. Apr. 9, 2019) (quoting *Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964)).

Kharat's motion for an *ex parte* temporary restraining order, however, does not meet either of Rule 65(b)(1)'s requirements.  Kharat's complaint is not verified (ECF No. 1), and though Kharat submits a declaration in support of his motion for preliminary relief (ECF No. 9), that declaration does not "clearly" demonstrate immediate and irreparable injury.  Kharat appears to rely primarily on Exhibit A, a comparison chart comprised of stills of the film's teaser trailer and excerpts of Kharat's screenplay, to demonstrate the similarities between the works.  (*See* ECF No. 1-1.)  But the chart does not so obviously compel a finding of copyright infringement that an *ex parte* restraining order is required to ward off irreparable injury.  Nor has Kharat certified in writing any efforts he has made to notify Defendants of this action, or indeed endeavored at all to explain why an *ex parte* order is warranted.  Accordingly, Kharat's motion for an *ex parte* temporary restraining order is denied.

Kharat's motion for a preliminary injunction remains.  A preliminary injunction may issue "only on notice to" Defendants.  Fed. R. Civ. P. 65(a)(1).  Accordingly, Kharat is directed to serve Defendants with a copy of his motion for a preliminary injunction and a copy of this Order, after which the Court will address the motion.

SO ORDERED.

Dated: May 12, 2026
      New York, New York

_____
J. PAUL OETKEN
United States District Judge

2